UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN FEDERATION OF
TEACHERS, AFT MICHIGAN, DETROIT
FEDERATION OF TEACHERS, IVY
BAILEY, as Interim President of the Detroit
Federation of Teachers, MONIQUE BAKER
MCCORMICK, individually and on behalf
of KM, a minor, CYNTHIA SAMUEL-
BAKER, individually and on behalf of MB, a
minor, LATRICE BERRY, individually and
on behalf of LB, a minor, TAKEYSHA
DANIELS, individually and on behalf of AL
a minor, TOFORAYA WILLIAMS,
individually and on behalf of MG, a minor,
CHRISTOPHER ROBINSON, individually
and on behalf of TR, a minor, SHONIQUA
KEMP, individually and on behalf of IK and
TK, minors, SHANI BURRELL,
individually and on behalf of KB and KB,
minors, and DANA DACRES, individually
and on behalf of SD, WD, and JD, minors,
SONYA LEWIS, individually and on behalf
of SG and MG, minors,

      Plaintiffs,

v.

DETROIT PUBLIC SCHOOLS, and
DARNELL EARLEY, in his Official
Capacity as the State Appointed Emergency
Manager for the Detroit Public Schools
under Public Act 436 of 2012,

      Defendants.

Hon. David M. Lawson
Mag. Judge R. Steven Whalen

Case No. 2:16-cv-10400

**DEFENDANTS'
MOTION TO DISMISS**

**ORAL ARGUMENT
REQUESTED**

_____

Defendants, through their attorneys, Miller, Canfield, Paddock and Stone, P.L.C., move for judgment on the pleadings and to dismiss Plaintiffs' Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1), (6) and 12(c). In support of this Motion, Defendants rely on the statements and arguments in their attached Brief.

1.     On January 28, 2016, Plaintiffs filed a two count lawsuit in Wayne County Circuit Court. Count I asserts a claim for "Writ of Mandamus." Count II asserts a "Violation of Substantive Due Process" under state and federal constitutional law.

2.     On February 4, 2016, Defendants timely filed a notice of removal to the United States District Court for the Eastern District of Michigan.

3.     Plaintiffs' Complaint should be dismissed because all of the Plaintiffs lack standing.

4.     Additionally, Plaintiffs' Complaint should be dismissed because they do not plead plausible claims for relief.

5.     On February 26, 2016, prior to filing this Motion, Defendants' counsel telephoned Plaintiffs' counsel.  Defendants' counsel explained the nature of this Motion and requested, but did not obtain, concurrence in the relief sought.

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Motion and enter judgment on the pleadings and dismiss Plaintiffs' Complaint in its entirety.

Respectfully submitted

Miller, Canfield, Paddock and Stone, P.L.C.

By /s/Brian M. Schwartz (P69018)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, MI 48226
313-963-6420; FAX 313-496-8451
Dated: March 1, 2016          schwartzb@millercanfield.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN FEDERATION OF
TEACHERS, AFT MICHIGAN, DETROIT
FEDERATION OF TEACHERS, IVY
BAILEY, as Interim President of the Detroit
Federation of Teachers, MONIQUE BAKER
MCCORMICK, individually and on behalf
of KM, a minor, CYNTHIA SAMUEL-
BAKER, individually and on behalf of MB, a
minor, LATRICE BERRY, individually and
on behalf of LB, a minor, TAKEYSHA
DANIELS, individually and on behalf of AL
a minor, TOFORAYA WILLIAMS,
individually and on behalf of MG, a minor,
CHRISTOPHER ROBINSON, individually
and on behalf of TR, a minor, SHONIQUA
KEMP, individually and on behalf of IK and
TK, minors, SHANI BURRELL,
individually and on behalf of KB and KB,
minors, and DANA DACRES, individually
and on behalf of SD, WD, and JD, minors,
SONYA LEWIS, individually and on behalf
of SG and MG, minors,

Hon. David M. Lawson
Mag. Judge R. Steven Whalen

Case No. 2:16-cv-10400

                    Plaintiffs,

v.

**BRIEF IN SUPPORT OF
DEFENDANTS'
MOTION TO DISMISS**

DETROIT PUBLIC SCHOOLS, and
DARNELL EARLEY, in his Official
Capacity as the State Appointed Emergency
Manager for the Detroit Public Schools
under Public Act 436 of 2012,

                    Defendants.
_____

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................ ii

STATEMENT OF ISSUES PRESENTED ............................................ iv

CONTROLLING OR MOST APPROPRIATE AUTHORITIES .......................... v

I.   INTRODUCTION ............................................................ 1

II.  PLAINTIFFS' FACTUAL ALLEGATIONS ................................ 2

III. ARGUMENT ................................................................ 3

  A.  Plaintiffs Lack Standing ................................................ 3

    1.  Standard of Review for 12(b)(1) Motion Based on Lack of Standing ......................................................... 3

    2.  The Individual Plaintiffs Lack Standing ...................... 4

    3.  The Union Lacks Standing ..................................... 4

  B.  The Complaint Fails to State a Claim ................................ 5

    1.  Standard Of Review Applicable To Rule 12(b)(6) and Rule 12(c) Motions ............................................. 5

    2.  Emergency Manager Earley is Entitled to Immunity. ...... 8

    3.  Plaintiffs Fail to State a Claim for Mandamus (Count I) .......... 9

      a.  Governing Standards for Writs of Mandamus ......... 9

      b.  Plaintiffs' Request for Mandamus Fails to State a Claim ..................................................... 10

    4.  Plaintiffs' Substantive Due Process Claim (Count II) ......... 12

      a.  Governing Principles For Due Process Claims. ....... 12

      b.  Plaintiffs Fail to Plead a Plausible Substantive Due Process Claim .................................... 13

IV.  CONCLUSION ............................................................ 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009)...................................6, 7, 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).......................................6, 7, 8

*Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381 (6th Cir. 2005) .......................13

*Center for Bio-Ethical Reform v. Napolitano*,
    648 F.3d 365 (6th Cir. 2011) ..................................................................8

*Friends of Tims Ford v. Tennessee Valley Auth*,
    585 F.3d 955 (6th Cir. 2009) ..................................................................4

*Moir v. Greater Cleveland Reg'l Transit Auth.*,
    895 F.2d 266 (6th Cir. 1990) ..................................................................3

*Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local*
    *1199 v. Blackwell*, 467 F.3d 999 (6th Cir. 2006)...................................5

*New Albany Tractor v. Louisville Tractor*,
    650 F.3d 1046 (6th Cir. 2011) ................................................................8

*Seal v. Morgan*, 229 F.3d 567 (6th Cir. 2000)........................................................13

*Smith v. Jefferson Cty. Bd. of Sch. Comm'rs*,
    641 F.3d 197 (6th Cir. 2011) ..................................................................5

*U.S. v. Wayne County Community College District*,
    242 F. Supp. 2d 497 (E.D. Mich. 2003) ...............................................12

*Vickers v. Fairfield Medical Center*, 453 F.3d 757 (6th Cir. 2006) .........................5

**State Cases**

*American Transmissions, Inc. v. Attorney General*,
    454 Mich. 135, 560 N.W.2d 50 (1997)...................................................9

*E. Jackson Pub. Sch. v. State,*
    133 Mich. App. 132, 348 N.W.2d 303 (1984)....................................................13

*Hanlin v. Saugatuck Twp.,*
    299 Mich. App. 233, 829 N.W.2d 335 (2013)....................................................11

*LM v. State*, 307 Mich. App. 685, 862 N.W.2d 246 (2014) .........................9, 11, 14

*Palmer v. Bloomfield Hills Bd. of Educ.,*
    164 Mich. App. 573, 417 N.W.2d 505 (1987)....................................................13

*Ward v. Michigan State Univ. (On Remand),*
    287 Mich. App. 76, 782 N.W.2d 514 (2010)....................................................11

*White-Bey v. Dep't of Corr.,*
    239 Mich. App. 221, 608 N.W.2d 833 (1999)....................................................9

**State Statutes**

MCL 141.1572 ....................................................................................................8

MCL 423.202 ......................................................................................................3

MCL 691.1406 ....................................................................................4, 10, 11, 12

MCL 691.1407 ....................................................................................................9

**Rules**

Fed. R. Civ. P. 8 ............................................................................................5, 6

Fed. R. Civ. P. 12 ...........................................................................................3, 5

**Statement of Issues Presented**

I.    Should the Court dismiss Plaintiffs' Complaint for lack of standing?

    Defendants assert that the answer is "yes."

    Plaintiffs assert that the answer is "no."

II.    Should the Court dismiss Emergency Manager Earley from this lawsuit because he is entitled to immunity?

    Defendants assert that the answer is "yes."

    Plaintiffs assert that the answer is "no."

III.    Should the Court dismiss Count I of Plaintiffs' Complaint (Writ of Mandamus) because Plaintiffs cannot prove the elements that are required before receiving the "extraordinary relief" of mandamus?

    Defendants assert that the answer is "yes."

    Plaintiffs assert that the answer is "no."

IV.    Should the Court dismiss Count II of Plaintiffs' Complaint (Violation of Substantive Due Process) because Plaintiffs cannot identify a protectable interest?

    Defendants assert that the answer is "yes."

    Plaintiffs assert that the answer is "no."

## Controlling or Most Appropriate Authorities

For the argument addressing Plaintiffs' Lack of Standing:

Fed. R. Civ. P 1

*Friends of Tims Ford v. Tennessee Valley Auth*,, 585 F.3d 955 (6th Cir. 2009)

*Moir v. Greater Cleveland Reg'l Transit Auth*., 895 F.2d 266 (6th Cir. 1990)

*Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999 (6th Cir. 2006)

For the arguments addressing Plaintiffs' failure to state a claim:

Fed. R. Civ P. 12(b)(6), (c)

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

For the immunity-related arguments:

MCL 691.1406

MCL 141.1572

MCL 691.1407(2), (5)

For the arguments related to the request for a writ of mandamus:

*LM v. State*, 307 Mich. App. 685, 862 N.W.2d 246 (2014)

*Ward v. Michigan State Univ. (On Remand)*, 287 Mich. App. 76, 782 N.W.2d 514 (2010)

For the arguments related to the due process claim:

*LM v. State*, 307 Mich. App. 685, 862 N.W.2d 246 (2014)

*Palmer v. Bloomfield Hills Bd. of Educ.*, 164 Mich. App. 573, 417 N.W.2d 505 (1987)

*San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1 (1973)

# I.  Introduction

Since at least January 2016, the City of Detroit and Detroit Public Schools ("DPS" or the "District") have been working to remedy identified problems in various school buildings. The City has been issuing inspection reports, and DPS has been busily working to fix any violations. DPS and the City have also entered into a Consent Agreement which obligates DPS to correct the violations.

Plaintiffs, the Union[1] and a group of parents on behalf of their children, apparently seek to disrupt these collaborative efforts. Spurning efforts to negotiate an opportunity for the Unions to inspect DPS buildings with proper notice and without disruption to the students, Plaintiffs rushed to court and filed a two count complaint. Count I seeks a writ of mandamus, and requests that the Court order DPS to comply with unspecified "statutory and regulatory laws." Count II asserts a violation of substantive due process under the United States and Michigan constitutions.

Plaintiffs' Complaint, however, is critically deficient. Initially, Plaintiffs lack standing to assert the claims pled. Additionally, one of the defendants – Emergency Manager Darnell Earley – is immune from suit. Finally, both of Plaintiffs' proposed counts fail to state plausible claims for relief. Plaintiff cannot

---

[1] For simplicity purposes, DPS refers to Plaintiffs American Federation of Teachers, AFT Michigan, Detroit Federation of Teachers and Ivy Bailey as the "Union."

1

establish the necessary elements to obtain the "extraordinary relief" of mandamus. Moreover, Plaintiffs' substantive due process claim fails because they cannot identify a constitutionally protected interest. Accordingly, for the reasons set forth below, Defendants request that the Court dismiss Plaintiffs' Complaint in its entirety, with prejudice.

## II.    Plaintiffs' Factual Allegations

Plaintiffs' Complaint generally focuses on the conditions of a few buildings out of the over 100 schools within the Detroit Public School system. Indeed, although the Complaint attempts to paint DPS in broad strokes, the individual Plaintiffs represent students located in the following schools: Cass Technical High School (¶6); Spain Elementary (¶¶8, 10, 12, 14, 16); Osborn High School (¶¶18-19); and Burton International Academy (¶¶21-22, 24-26).

Additionally, while the Complaint states that various hazards exist in the four school buildings, there are no allegations that any individual Plaintiff (parent or student) has suffered an injury. Nor is there any allegation that any Union member has suffered an injury. Indeed, the Complaint does not even allege that any specific student or teacher has been exposed to any of the supposed hazards. Instead, the Complaint merely juxtaposes anecdotal allegations regarding some buildings with the fact that there are students who attend classes in those buildings.

This lawsuit is the latest effort by the Union to attempt to legitimize an illegal teacher strike.[2] Consequently, the "factual" allegations consist of a public relations effort to distract attention from the Union's illegal tactics while attempting to embarrass the Emergency Manager and DPS. None of those facts, however, assist Plaintiffs. As shown below, the Court should dismiss the Complaint in its entirety.

### III.   Argument

**A.   Plaintiffs Lack Standing**

**1.   Standard of Review for 12(b)(1) Motion Based on Lack of Standing**

"Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). To demonstrate standing, Plaintiffs must demonstrate (1) an "injury in fact," which is "concrete harm … that is actual or imminent, rather than conjectural or hypothetical"; (2) causation, "which is a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant"; and (3) "redressability," which is a likelihood that the requested relief will redress the

---

[2] Public school employees are prohibited from striking under Michigan's Public Employment Relations Act ("PERA").  MCL 423.202a.  Plaintiffs all but admit that they are violating PERA, by stating that they have been engaging in "sick outs" to protest the alleged school conditions. (Dkt#1, Compl, ¶38 [PgID.17].)

3

alleged injury. *Friends of Tims Ford v. Tennessee Valley Auth*,, 585 F.3d 955, 966 (6th Cir. 2009) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-04 (1998)).

### 2.       The Individual Plaintiffs Lack Standing

None of the individual plaintiffs (the parents and students) allege that they have suffered a concrete injury in fact. Instead, the only fact each Plaintiff alleges is the school that the students attend. The rest of the Complaint then states that certain building conditions exist, but does not identify any discrete injury suffered by any student. The lack of an injury is not surprising, given that Plaintiffs failed to provide statutorily required notice of an injury under MCL 691.1406, including "the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant." (*See* §(III)(B)(3), *infra*). Overall, Plaintiffs' allegations are insufficient to confer standing.

### 3.       The Union Lacks Standing

The Union lacks standing because there are no allegations that it, as an organization, has suffered an injury. The Union also cannot establish that it has associational standing, which requires it to prove: (1) that its members have standing to sue in its own right; (2) the interests it seeks to protect are germane to the Union's purpose; and (3) neither the claim asserted nor the relief requested requires participation of individual union members. *Friends of Tims Ford*, 585

F.3d at 967.

Here, the Union cannot demonstrate that its members have standing to sue because the Complaint is devoid of any allegations that a teacher has suffered an "injury in fact." Although the Complaint generically references the school conditions, "[t]hese allegations fall far short of asserting that any of plaintiffs' members have suffered or will imminently suffer a concrete, actual injury traceable to [the alleged conditions of the buildings]. **In fact, the complaint contains no reference at all to injury to the plaintiffs' members**." *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1010 (6th Cir. 2006) (emphasis added).

Finally, the Union does not have third-party standing to assert the rights of the students, because "[t]here is no evidence that the students or their parents might be deterred from suing," *Smith v. Jefferson Cty. Bd. of Sch. Comm'rs*, 641 F.3d 197, 209 (6th Cir. 2011), particularly where they are a part of this lawsuit.

**B.    The Complaint Fails to State a Claim**

**1.    Standard Of Review Applicable To Rule 12(b)(6) and Rule 12(c) Motions**

"The manner of review under Rule 12(c) is the same as a review under Rule 12(b)(6)." *Vickers v. Fairfield Medical Center*, 453 F.3d 757, 761 (6th Cir. 2006). Specifically here, Defendants' motion tests whether Plaintiffs have stated a claim upon which relief can be granted and whether, under Fed. R. Civ. P. 8(a), they

have made the requisite "showing that [they are] entitled to relief." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that to survive a motion to dismiss, plaintiffs must assert sufficient factual allegations to establish that their claims are "plausible on [their] face," *i.e.*, there must be more than the mere possibility that defendant acted unlawfully. *Id.* at 556. *See also id.* at 555 ("A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), the Supreme Court elaborated on *Twombly*, explaining the proper two-step analysis. First, although courts generally accept as true the complaint allegations, this rule is "inapplicable to legal conclusions." *Id.* at 1949. In other words, courts first disregard all conclusory statements and allegations in the complaint. This is because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* Second, courts review the remaining allegations to determine whether they "plausibly" entitle the plaintiff to relief. For a claim to be "plausible," it is insufficient that the facts alleged are "'consistent with' a defendants' liability" or that a violation is "conceivable." *Id.* at 1950 (quoting *Twombly*, 550 U.S. at 557). "[W]here the well-

6

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* (quoting Fed. Rule Civ. Proc. 8(a)(2)).

In *Iqbal*, a discrimination case, the Court first identified conclusory allegations that "amount[ed] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim." *Id.* at 1951 (quoting *Twombly*, 550 U.S. at 555). These assertions, such as that the defendant adopted a policy "because of" its adverse effects on individuals with a certain race, religion and national origin, were not entitled to an assumption of truth. *Id.* At step two, the Court addressed the remaining factual allegations, which were "consistent with" discriminatory treatment, "[b]ut given more likely explanations, [the allegations did] not plausibly establish [their] purpose."[3] *Id.* at 1951. Thus, dismissal was appropriate.

Interpreting *Twombly* and *Iqbal*, the Sixth Circuit has explained that, "the combined effect of *Twombly* and *Iqbal* require [a] plaintiff to have greater

---

[3] The remaining factual allegations included statements that (1) the FBI, acting under the direction of its Director Robert Mueller, arrested and detained thousands of Arabs and Muslims and (2) that the policy of holding post-9/11 detainees in highly restrictive conditions was approved by Mueller and former Attorney General John Ashcroft.  129 S.Ct. at 1951.  The Court held that "[t]aken as true, these allegations are consistent with petitioners' purposefully designating detainees 'of high interest' because of their race, religion, or national origin. But given more likely explanations, they do not plausibly establish this purpose."  *Id.*

7

knowledge now of factual details in order to draft a 'plausible complaint.'" *New Albany Tractor v. Louisville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011). In other words, a "plaintiff must allege specific facts [to support a plausible claim] even if those facts are only within the head or hands of the defendants. The plaintiff may not use the discovery process to obtain these facts after filing suit. The language of *Iqbal*, 'not entitled to discovery,' is binding on the lower federal courts." *Id.* Accordingly, a complaint that does not provide the "when, where, in what or by whom" to support conclusory allegations fails to state a claim. *Center for Bio-Ethical Reform v. Napolitano*, 648 F.3d 365, 373 (6th Cir. 2011). *See also id.* at 368 (noting that following *Twombly* and *Iqbal*, it is "well settled" that a complaint must contain sufficient factual allegations to plausibly state a claim for relief).

## 2.    Emergency Manager Earley is Entitled to Immunity.

Although not entirely clear, Plaintiffs indirectly challenge the appointment of an Emergency Manager in their lawsuit under Public Act 436. Specifically, Plaintiffs claim that "Emergency Manager Darnell Earley has failed to take action to repair and maintain the public schools." (Dkt#1, Compl, ¶59 [PgID.23]; *see also id,* ¶¶32-33, 60-61 [PgID.16, 23]). In their prayer for relief, Plaintiffs also request the removal of the Emergency Manager. (*Id*. at p. 19 [PgID.28]). But, to the extent Plaintiffs attack any action (or alleged inaction) of Emergency Manager Earley taken under PA 436, such claims are barred by MCL 141.1572 (immunity for acts

8

taken under PA 436).[4]

### 3.    Plaintiffs Fail to State a Claim for Mandamus (Count I)

### a.    Governing Standards for Writs of Mandamus

"[A] writ of mandamus is an extraordinary remedy and will only be issued where (1) the party seeking the writ has a clear legal right to performance of the specific duty sought, (2) defendant has the clear legal duty to perform the act requested, (3) the act is ministerial, and (4) no other remedy exists that might achieve the same result." *LM v. State*, 307 Mich. App. 685, 706, 862 N.W.2d 246 (2014). The party seeking mandamus has the burden of establishing that the official in question has a clear legal duty to perform. *White-Bey v. Dep't of Corr.*, 239 Mich. App. 221, 223, 608 N.W.2d 833 (1999).

---

[4] To the extent Plaintiffs argue that their Complaint asserts state law tort causes of action, Emergency Manager Early is absolutely immune from tort liability under MCL 691.1407(5), which states:

> A judge, a legislator, and the elective or *highest appointive executive official* of all levels of government are *immune from tort liability* for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority.

(emphasis added). *See also American Transmissions, Inc. v. Attorney General*, 454 Mich. 135, 141, 560 N.W.2d 50 (1997) (MCL 691.1407(5) applies to all torts, including intentional torts). Because Plaintiffs challenge actions (or alleged inactions) by EM Earley, he is absolutely immune. Alternatively, EM Earley is entitled to qualified immunity under MCL 691.1407(2), which provides that government employees are immunity from tort liability where, among other things, their conduct does not amount to "gross negligence." MCL 691.1407(2). Here, Plaintiffs do not assert any plausible facts that EM Earley acted with gross negligence.

### b.      Plaintiffs' Request for Mandamus Fails to State a Claim

Count I seeks a writ of mandamus, asking the Court to compel Defendants "to comply with the various statutory and regulatory laws." (Dkt#1, Compl ¶68 [PgID.25].) The only "law" identified by Plaintiffs is MCL 691.1406. This statute provides an exception to the general rule of governmental immunity for torts. It permits, under certain specified conditions, claims against governmental agencies for bodily injury or property damages resulting from dangerous or defective conditions of public bodies. Specifically, it states:

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. Knowledge of the dangerous and defective condition of the public building and time to repair the same shall be conclusively presumed when such defect existed so as to be readily apparent to an ordinary observant person for a period of 90 days or longer before the injury took place. *As a condition to any recovery for injuries sustained by reason of any dangerous or defective public building, the injured person, within 120 days from the time the injury occurred, shall serve a notice on the responsible governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.*
>
> The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the responsible governmental agency, anything to the contrary in the charter of any

10

municipal corporation notwithstanding….

*Id.* (emphasis added).

Initially, Plaintiffs cannot obtain a writ because the acts to be performed are not ministerial because the district is afforded wide-ranging discretion in how to operate the district. *LM*, 307 Mich. App. at 697. "A ministerial act is one for which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of judgment or discretion. If the act requested by the plaintiff involves judgment or an exercise of discretion, a writ of mandamus is inappropriate." *Hanlin v. Saugatuck Twp*., 299 Mich. App. 233, 248, 829 N.W.2d 335 (2013).

Another critical deficiency with Plaintiffs' request for mandamus is their reliance on MCL 691.1406. This is because, as noted above, the Complaint is devoid of any allegations that any individual Plaintiff suffered an injury as the result of the alleged school conditions. Additionally, Plaintiffs do not allege that they provided timely notice of the alleged injury. Thus, any claim under MCL 691.1406 is deficient and must be dismissed. *Ward v. Michigan State Univ. (On Remand)*, 287 Mich. App. 76, 80, 782 N.W.2d 514, 517 (2010) (dismissing claim alleging public building exception to tort liability for failure to provide required notice). Moreover, even if Plaintiffs complied with the statutory prerequisites

before filing suit, mandamus is not appropriate because they have another avenue to enforce their rights, namely, a civil suit for damages under MCL 691.1406.

Mandamus is not appropriate because there exist other remedies to achieve the same results. Indeed, Plaintiffs' Complaint recognizes that the City of Detroit has been conducting inspections of DPS buildings. A detailed collection of the City's inspection reports is available on the City's website, along with a copy of the DPS-City of Detroit Consent Agreement and School Fix Timeline. (See (http://www.detroitmi.gov/How-Do-I/Find/School-Inspection-Reports). Because of the City inspections and the Consent Agreement, DPS has already remedied many of the problems identified by Plaintiffs.  (*Id*).

### 4.    Plaintiffs' Substantive Due Process Claim (Count II)

#### a.    Governing Principles For Due Process Claims.

"The Fourteenth Amendment prohibits state actors from depriving an individual of life, liberty or property without the due process of law." *U.S. v. Wayne County Community College District*, 242 F. Supp. 2d 497, 519 (E.D. Mich. 2003) (citing *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538, n. 3 (1985)). "In order to establish a due process violation, the plaintiff must first establish the existence of a constitutionally protected property or liberty interest." *Id.* (internal citation omitted).

12

"Governmental actions that infringe a fundamental right receive strict scrutiny." *Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 393 (6th Cir. 2005). When strict scrutiny does not apply, government action is subject to rational-basis review, "which requires them only to be 'rationally related to a legitimate state interest.'" *Id.* (quoting *Seal v. Morgan*, 229 F.3d 567, 574-75 (6th Cir. 2000).) The list of fundamental rights is short, and courts have "expressed little interest in expanding it." *Seal*, 229 F.3d at 574-75 (citing *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)). Under both the United States and Michigan Constitutions, "[e]ducation is not a fundamental right." *Palmer v. Bloomfield Hills Bd. of Educ.*, 164 Mich. App. 573, 575, 417 N.W.2d 505 (1987) (citing *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1 (1973)). *See also E. Jackson Pub. Sch. v. State,* 133 Mich. App. 132, 137-38, 348 N.W.2d 303 (1984). Accordingly, rational basis review applies.

> **b.  Plaintiffs Fail to Plead a Plausible Substantive Due Process Claim**

Seeking to establish a constitutionally protected interest, Plaintiffs rely on Article 8 of the Michigan Constitution and a provision of the Detroit City Charter. (Dkt#1, Compl, ¶¶78-79 [PgID.27]). Neither of these provisions establishes an interest protected by due process.

Article 8, §1 states, "Religion, morality and knowledge being necessary to good government and the happiness of mankind, schools and the means of

education shall forever be encouraged." Mich. Const. (1963), art 8, §1. This language "merely encourages" education, but does not mandate it, nor does it impose any specific obligation on a school district. *LM*, 307 Mich. App. at 695.

Article 8, §2, also does not support Plaintiffs. This section states:

> The legislature shall maintain and support a system of free public elementary and secondary schools as defined by law. Every school district shall provide for the education of its pupils without discrimination as to religion, creed, race, color or national origin.

Mich. Const. (1963), art 8, §2. The first sentence of §2 plainly refers to the "legislature" and therefore does not impose obligations on a school district. *LM*, 307 Mich. App. at 696. While the second sentence of §2 obligates a school district to "provide for the education of its pupils," this provisions "leaves the actual intricacies of the delivery of specific educational services to the local school districts." *LM*, 307 Mich. App. at 697. *See also id.* at 706-07 ("In no way can [Article 8, §§1, 2] be legitimately read to support a constitutional right to specific educational results or to a guarantee of a certain level of education.") (Murray, J., concurring).

Plaintiffs fare no better with the Detroit City Charter. The provision Plaintiffs rely upon states:

> Every resident of Detroit has a right to an education that will permit the full development of his or her potential. *City government has a responsibility to cooperate with the school districts* serving the people of Detroit in the achievement of this objective and to exercise such influence and to provide such ancillary or supplemental services to the

14

people or to the school districts as may be necessary or helpful in the furtherance of this objective.

Detroit City Charter, Sec. 9-404 (emphasis added). While this City Charter provision may establish obligations of the City, it does not impose any on DPS.

Overall, Plaintiffs (especially the Unions), cannot identify any protectable interest, requiring dismissal of their due process claims.

## IV.   Conclusion

Plaintiffs collectively lack standing to pursue the claims raised in their Complaint. Their Complaint also fails to state a claim for relief. Accordingly, Defendants request that the Court dismiss Plaintiffs' Complaint in its entirety, with prejudice.

Respectfully submitted,

/s/Brian M. Schwartz
Miller, Canfield, Paddock and Stone, P.L.C.
Attorney for Defendants
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
P69018
schwartzb@millercanfield.com

Dated:        March 1, 2016

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2016, I electronically filed the foregoing paper with the Clerk to the Court using the ECF system which will send notification of such filing to the following:

Bruce A. Miller at brucemiller@millercohen.com
Robert D. Fetter at rfetter@millercohen.com
Keith D. Flynn at kflynn@millercohen.com

/s/Brian M. Schwartz
Miller, Canfield, Paddock and Stone, P.L.C.
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
P69018
schwartzb@millercanfield.com

26039353.2\088888-03310

16